**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GUY NICHOLAS,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

        Plaintiff,

        v.

PEARLSTONE RESTAURANT, LLC
      d/b/a ULYSSES FOLK HOUSE, and
ONE HANOVER, LLC
      d/b/a HARRY'S NYC,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

      Plaintiff, GUY NICHOLAS (Plaintiff "NICHOLAS" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PEARLSTONE RESTAURANT, LLC d/b/a ULYSSES FOLK HOUSE, and ONE HANOVER, LLC d/b/a HARRY'S NYC ("Defendants"), and states as follows:

1

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) improper meal credit deductions; (3) liquidated damages; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) improper meal credit deductions; (3) statutory penalties; (4) liquidated damages, and (6) attorneys' fees and costs.

3.      Plaintiff further alleges, pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that he was discriminated by Defendants based on his race and seeks to recover (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

4.      Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the FLSA and NYLL, and thus seeks to additionally recover from Defendants: (1) economic damages; (2) punitive damages; and (3) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.      Plaintiff is a resident of Bronx County, New York pursuant to 28 U.S.C. § 1391.

8.      Defendants collectively own and operate two (2) restaurants at the following locations:

    a)  "Harry's", located at 62 Stone Street, New York, NY 10004, and

    b)  "Ulysses", located at 58 Stone Street, New York, NY 10004 (collectively, the "Restaurants")

9.      All the Restaurants are operated as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership, and have a common business purpose:

    a)  The Restaurants are commonly owned and operated by the Corporate Defendants;

    b)  Harry's and Ulysses are located next to each other, in the same building. *See* **Exhibit A;**

    c)  Corporate Defendants have the same corporate leadership. The leadership and/or officers of Corporate Defendants are in charge of all aspects of management and operations for each of the Restaurants as they assert publicly on news reports and interview pages. *See* **Exhibit B**;

    d)  The Restaurants maintain centralized labor relations. In fact, due to the proximity between the Restaurants, employees, including Plaintiff, FLSA Collective Plaintiffs, and the Class, are freely transferred to work at either location. More precisely, the Restaurants share the same kitchen and kitchen staff work simultaneously for both Restaurants;

e)  The Restaurants have a centralized Human Resources that deals with hiring, hiring, and administering all the Restaurants' work force. human resources, and payroll operations; employment policies and are formulated centrally by senior officials for Corporate Defendants; and

f)  The Restaurants offer the same activities, concerts, and events. Attached as **Exhibit C**, in as example of Defendants offering a concert at both locations, with a pre-dinner at Harry's and an afterparty at Ulysses.

10.  Corporate Defendant PEARLSTONE RESTAURANT, LLC d/b/a ULYSSES FOLK HOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principal executive office and address for service of process located at 95 Pearl Street, New York, NY 10004.

11.  Corporate Defendant ONE HANOVER, LLC d/b/a HARRY'S NYC is a domestic limited liability company organized under the laws of the State of New York, with a principal executive office and address for service of process located at 1 Hanover Square, New York, NY 10004.

12.  At all relevant times, each Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.  At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

14.  Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, station employees, porters, bussers, food runners, bartenders, barbacks, waiters, among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay for all hours worked due to time shaving and taking improper meal credits. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, station employees, porters, bussers, food runners, bartenders, barbacks, waiters,

among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to time shaving; (ii) improper meal credit deductions; (iii) failing to provide Class Members with notice of wage rate upon hiring and annually; and (iv) failing to provide proper wage statements with every payment of wages, per requirements of the NYLL.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

23.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class Members of their hourly rate;

e)  Whether Defendants compensated Plaintiff and Class Members for all hours worked, including overtime, due to time shaving;

f)  Whether Defendants took the proper amount of meal credit allowance for each payment period under the NYLL;

g) Whether Defendants provided wage notices, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL; and

h) Whether Defendants provided proper wage statements reflecting all hours worked by Plaintiff and the Class Members, and other information required to be provided on wage statements, as required under the NYLL.

## **STATEMENT OF FACTS**

*Wage and Hour Claims*

26.     In or around October 2021, Plaintiff NICHOLAS was hired by Defendants to work as a salad station, oyster station, and desert station employee for Defendants' Harry's restaurant located at 58 Stone Street, New York, NY 10004. Plaintiff was employed by Defendants until August 2, 2022.

27.     Defendants' Restaurant Harry's and Ulysses share the same kitchen and personnel. While Plaintiff NICHOLAS worked officially at Harry's, he would also work for Defendants' Restaurant Ulysses.

28.     Throughout his employment, Plaintiff NICHOLAS was scheduled to work five (5) days per week, from Tuesday to Saturdays from 4:00 p.m. to 12:00 a.m. eight (8) hours per day, for a total of forty (40) hours per week. FLSA Collective Plaintiffs and Class Members were scheduled to work similar hours.

29.     Throughout his employment, Plaintiff NICHOLAS was compensated at a rate of twenty dollars ($20) per hour. FLSA Collective Plaintiffs, and Class Members were paid at similar rates.

30.     Throughout their employment with Defendants, Plaintiff was not compensated for all hours worked, including overtime, due to Defendants' policy of time shaving. Plaintiff was

subject to a thirty (30) minute meal break deduction every day. However, there was no meal break and Plaintiff was required to work through his meal breaks on a daily basis. As a result, Plaintiff was time shaved a total two point five (2.5) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving by deducting for meal breaks which they did not take.

31.     Throughout Plaintiff NICHOLAS's employment with Defendants, Defendants deducted five dollars ($5) per week from his pay as a meal credit even though he did not take his meals. FLSA Collective Plaintiffs and Class Members were subject to deductions for meal credits even though they did not eat meals.

32.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

33.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure

to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours worked, including overtime due to time shaving.

35.     Defendants knowingly and willfully operated their business with a policy of improperly deducting meal credits, in violation of the FLSA and NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

_Discrimination and Retaliation_

38.     Plaintiff NICHOLAS is African American male. During his employment, Plaintiff was discriminated against and constantly harassed and verbally abused by the Chef and Manager Norberto [LNU] based on his race. Furthermore, Plaintiff was retaliated against by Defendants for complaining about the racial discrimination.

39.     Manager Norberto [LNU] regularly referred to Plaintiff and other African American employees in pejorative terms, in Spanish, regarding their skin color. There were three (3) other African American employees working with Plaintiff who were also discriminated against. Every time that Plaintiff or an African American employee went to or left the Kitchen, the Manager would say aloud in front of other employees "here comes the _moreno_" "here is the

*negro*". Both words were used in Spanish to refer to Plaintiff and his African American co-workers,

40.     Around late November 2021, Plaintiff told Manager Norberto [LNU] that he didn't appreciate being called names that had a racist connotation. However, despite several complaints, Manager Norberto [LNU] continued to refer to Plaintiff and his co-workers with racially derogatory terms.  As a result of these complaints, the other two African American employees were fired, and Plaintiff was the only African American employee left working at Harry's and Ulysses.

41.     Manager Norberto [LNU] continued to insult Plaintiff in Spanish in front of other employees whenever he had the opportunity, this happened several times during the day. Such insults made by Manager Norberto [LNU] include, "look this *negro estupido*", "there is the *negro imbecil*", "there, the *perro negro*…" among others. All these comments were made solely because Manager Norberto [LNU] did not like Plaintiff because he was African American.

42.     Further, in retaliation for complaining about the discrimination, the Manager Norberto [LNU] gave Plaintiff more work than he was initially assigned. Plaintiff was hired to be in charge of the Salad Station. When Plaintiff complained about the discrimination and derogatory comments, Manager Norberto [LNU] assigned Plaintiff the Oyster Station and the Dessert Station in addition to the salad station. This resulted in Plaintiff alone doing the work of three (3) people with no corresponding pay raise. Manager Norberto [LNU] took the opportunity to mock Plaintiff in front of his other co-workers and made even more incentive comments that made fun of Plaintiff's work and historical hardships that African Americans had to endure.

43.     On August 2, 2022, Defendants fired Plaintiff. The firing was solely based on Plaintiff's race because Plaintiff had refused to quit, even when racially harassed and abused.

44.     These discriminatory practices were regular and continuous, affecting Plaintiff not only emotionally, but financially. Because of this biased practice against African American employees, Plaintiff and other African American employees suffered physical discomfort and emotional and racial humiliation while working for Defendants.

45.     The constant verbal abuse and humiliation that Plaintiff endured while working for Defendants forced Plaintiff to complain about this issue to the only manager that Defendants designated for handling kitchen personnel issues. However, Plaintiff was fired in retaliation for requesting Defendants to stop this discriminatory practice.

46.     Furthermore, Defendants wrongfully terminated Plaintiff for no other reason than Plaintiff's complaints about Defendants' discriminatory conduct. This caused not only emotional distress, but also financial damages.

47.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

49.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

52.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek, including due to time shaving.

53.     At all relevant times, Defendants had a policy of deducting for an improper meal credit from Plaintiff and FLSA Collective Plaintiffs under the FLSA.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, when Defendants knew or should have known such was due.

56.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, improper deducted meal credit, plus an equal amount as liquidated damages.

59.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

60.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

61.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

62.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

63.     Defendants willfully violated Plaintiff's and the Class Members' rights by improperly deducting meal credits when meal breaks could not be taken.

64.     Defendants knowingly and willfully operated their business with a policy of failing to provide wage and hour notices, at the date of hiring and with each change of pay rate, to all non-exempt employees per requirements of the NYLL.

65.     Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements as required under the NYLL.

66.    Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving; improper meal credit deductions; reasonable attorneys' fees; liquidated damages; statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
(NEW YORK EXECUTIVE LAW § 296)

67.    Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

68.    Plaintiff NICHOLAS is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

69.    Defendants violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by discriminating and retaliating against Plaintiff on the basis of his race, in violation of the NYCHRL, by subjecting him to discriminatory as set forth above.

70.    Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

71.    As a result of Defendants' unlawful employment practice under the NYSHRL, Plaintiff NICHOLAS sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

72.    Due to Defendants' violation under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## COUNT IV

## <u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>
## (NEW YORK CITY ADMINISTRATIVE CODE § 8-107)

73.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

74.     Plaintiff NICHOLAS is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

75.     Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by discriminating against Plaintiff on the basis of his race in violation of the NYCHRL, by subjecting him to discriminatory as set forth above.

76.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

77.     As a result of Defendants' unlawful employment practice under the NYCHRL, Plaintiff sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

78.     Due to Defendants' violation under the NYCHRL, Plaintiff GUY NICHOLAS is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## COUNT V

## <u>RETALIATION UNDER THE FAIR LABOR STANDARDS ACT</u>

79.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

80.     At all relevant times Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

81.     Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

82.     As alleged herein, Plaintiff complained to Manager Norberto [LNU] about discriminatory remarks that he made to Plaintiff.

83.     In response to such complaints, Manager Norberto [LNU] gave Plaintiff more duties, and ultimately ended up firing him in violation of Section 15(a)(3).

84.     This retaliatory conduct was in willful disregard of the provisions of the FLSA.

85.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorneys' fees, and costs, as provided for under the FLSA.

**COUNT VI**

**RETALIATION UNDER THE NEW YORK LABOR LAW**

86.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

87.     At all relevant times Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

88.     Defendants willfully violated the NYLL by retaliating against Plaintiff by giving him more work and ultimately firing him after he raised concerns about discriminatory conduct by Manager Norberto [LNU].

89.     Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

90.     As alleged herein, Plaintiff complained to Manager Norberto [LNU] about discriminatory remarks that he made to Plaintiff.

91.     In response to such complaints, Manager Norberto [LNU] gave Plaintiff more duties, and ultimately ended up firing him in violation of Section 215(a).

92.     This retaliatory conduct by Defendants was in willful disregard of the provisions of the NYLL.

93.     As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorneys' fees, and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b)  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c)  An award of unpaid wages, including overtime, due to time shaving due under the FLSA and the NYLL;

d)  An award of improperly deducted meal credit under the FLSA and NYLL;

e)  An award of back pay accrued as a result of caused by Defendants' unlawful discriminatory practices under the NYSHRL and NYCHRL;

f)  An award of back pay accrued as a result of caused by Defendants' wrongful termination under the NYSHRL and NYCHRL;

g)  An award of compensatory damages for physical and emotional suffering as a result of Defendants' unlawful discriminatory practices, under the NYSHRL and NYCHRL;

h)  An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL;

i)  An award of back pay; front pay; compensatory damages; punitive damages; and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and NYLL;

j)  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k)  Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

l)  Designation of this action as a class action pursuant to F.R.C.P. 23;

m)  Designation of Plaintiff as a Representative of Class; and

n)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 14, 2022                    Respectfully submitted,

By:   */s/ C.K. Lee*
       C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*