```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
GUY NICHOLAS,                                                :
                                        Plaintiff,           :
                                                             :    22 Civ. 9697 (LGS)
                -against-                                    :
                                                             :    AMENDED ORDER
PEARLSTONE RESTAURANT, LLC, et al.,                          :
                                        Defendants.          :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Court dismissed the case without prejudice for failure to prosecute on August 1, 2023;

WHEREAS, this Amended Order **replaces and supersedes** the August 1, 2023, order. These amendments do not modify the conclusion of the August 1, 2023, order;

WHEREAS, on June 30, 2023, Plaintiff's counsel filed a motion to withdraw as counsel;

WHEREAS, pursuant to an order dated July 5, 2023, Plaintiff was directed to file, by July 14, 2023, a response to the motion to withdraw as counsel;

WHEREAS, no such submission was made by July 14, 2023;

WHEREAS, by order dated July 20, 2023, Plaintiff was directed to file such response by July 28, 2023.  This order directed Plaintiff's counsel to send a copy of the order to Plaintiff by July 21, 2023.  Plaintiff's counsel filed proof of service via email and text message on the docket the same day this order issued.  This order also advised Plaintiff that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute;

WHEREAS, no such submission has been made to date.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the

plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiff's failure to comply with court orders, is neutral. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Plaintiff has failed to comply with the Court's repeated orders to respond to the motion filed by Plaintiff's counsel to withdraw as counsel. While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, the lapse is significant given the late stage of the case. Defendants had already filed their motions in limine. The jury trial in this case was scheduled for August 9, 2023. Due to Plaintiff's failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation.

The second factor, whether Plaintiff was on notice that failure to comply would result in

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

dismissal, weighs in favor of dismissal.  On July 20, 2023, Plaintiff again was directed to file a response to his counsel's withdrawal motion by July 28, 2023.  This order advised Plaintiff that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute.  The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs against dismissal.  As stated previously, the delay is not as lengthy as in other cases dismissed for failure to prosecute.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  In addition to requiring the Court to issue additional orders, Plaintiff's conduct has forced the Court to adjust its trial calendar.  However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to

prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to strike the order at Dkt. 41 and close the case.

Dated: August 2, 2023
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4